UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:22-CR-13 JD |
| DON CLARK SHERLS JR. | |

**OPINION AND ORDER**

The defendant, Don Clark Sherls Jr., is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Sherls has moved to dismiss his charge on the basis of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*. 142 S.Ct. 2111 (2022). (DE 25.) This motion also argues that the felon in possession statute is unconstitutionally vague, in violation of the Fifth Amendment. (*Id.*) The motion is fully briefed and ripe for adjudication. For the following reasons this motion will be denied.

**A. Legal Standard**

A defendant can move before trial to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). A defendant can make such a motion on the basis that the charged offense is based on an unconstitutional statute. *United States v. Posey*, No. 2:22-CR-83, 2023 WL 1869095, at *1 (N.D. Ind. Feb. 9, 2023) (internal citations omitted). A constitutional challenge to a statute can be brought either as a facial challenge, or an as-applied challenge. Mr. Sherls brings both a facial and an as-applied challenge. To succeed on a facial challenge, the moving party must show that the statute is unconstitutional in all applications. *City of L.A. v. Patel*, 576 U.S. 409, 415, 418 (2015). To succeed on an as-applied challenge, the moving party

must show it is unconstitutional because of the way it was applied to the particular facts of their case. *See United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011).

**B. Discussion**

*(1) The Second Amendment Challenge*

This Court has previously considered and rejected a challenge to the constitutionality of § 922(g)(1) based on *Bruen*, and it sees no reason to revisit that conclusion in this motion. *United States v. Rice*, No. 3:22-CR-36, 2023 WL 2560836 (N.D. Ind. Mar. 17, 2023).[1] In *Rice*, this Court found that § 922(g)(1) satisfies the *Bruen* test and withstood both facial and as-applied challenges. *Id.* That is, the Court found that the regulation codified at § 922(g)(1) is consistent with the history and tradition of firearm regulation in the United States.[2] *Id.* As Mr. Sherls acknowledges in his motion, this conclusion is shared by the overwhelming majority of federal courts to review this question, including a thus far unanimous consensus among the Judges of this District who have confronted the question.[3] *See, e.g.*, *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) (upholding § 922(g)(1) as constitutional); *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) (finding *Bruen* did not abrogate 10th Circuit precedent upholding the constitutionality of § 922(g)(1) under the Second Amendment as applied to both violent and non-violent felons); *United States v. Clark*, No. 1:20-CR-49, 2023 WL 2346284 (N.D. Ind. 2023)

---

[1] Like Mr. Sherls, Mr. Rice's underlying felony was a putatively non-violent crime and his as-applied challenged argued § 922(g)(1) is unconstitutional as-applied to persons convicted of non-violent felonies.

[2] In the interest of brevity the Court will not restate the full analysis or the *Bruen* standard here, and incorporates by reference the analysis and holding of *Rice*.

[3] Mr. Sherls also notes there are outliers to this consensus and frames them as a judicial tide turning in his favor. The Court is skeptical of that characterization. Three district judges in Oklahoma, Mississippi, and Illinois respectively, along with the Third Circuit and some lower courts applying its binding precedent does not quite compare with the dozens of decisions upholding the statute.

(Brady, C.J.); *United States v. Tribble*, No. 2:22-CR-85, 2023 WL 2455978 (N.D. Ind. Mar. 10, 2023) (Simon, J.).

Mr. Sherls asks the Court to revisit *Rice* in light of several subsequent cases. These cases are mostly persuasive authority from outside the Seventh Circuit and include the Third Circuit's decision in *Range v. Attorney General*, which narrowly struck down § 922(g)(1) as-applied to the particular individual challenging the statute, whose prior felony conviction was for welfare fraud. 69 F.4th 96, 106 (3d Cir. 2023) (en banc) ("Our decision today is a narrow one….the Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range.").[4] Mr. Sherls also cites to a pair of cases from within the Third Circuit applying the binding precedent of *Range*.[5] The case list also includes *United States v. Bullock*, No. 3:18-CR-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023) (finding § 922(g)(1) unconstitutional as-applied to a defendant previously convicted of aggravated assault and manslaughter), and *United States v. Forbis*, No. 23-CR-133, 2023 WL 5971142, *4 (W.D. Okla. Aug. 17, 2023) (upholding § 922(g)(1) against a facial challenge but striking it down as-applied to a defendant whose prior felony convictions were for drunk driving and drug possession). More relevantly, Mr. Sherls cites to *Atkinson v. Garland*, where the Seventh Circuit remanded a *Bruen*

---

[4] Mr. Sherls also devotes considerable time to discussing the Fifth Circuit decision of *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), which struck down 18 U.S.C. § 922(g)(3). This extensive discussion (s*ee* DE 25 at 8–11) is rather puzzling because it involves a different statute than the one at issue in this case. Albeit a statute this Court had upheld against a *Bruen* challenge on a separate occasion. *See United States v. Posey*, No. 22-CR-83, 2023 WL 1869095 (N.D. Ind. Feb. 9, 2023). The fact jurists disagree over the constitutional validity of a different statute is of no utility in resolving the questions related to *this statute* and the Court will accordingly disregard such discussion and authority. The Court would also note that the Fifth Circuit has actually expressed support for the reasoning behind categorical disarmament of felons. *Wade*, 2023 WL 6037404, at *2 (discussing *Rahimi v. United States*, 61 F.4th 443 (5th Cir. 2023)).

[5] Decisions of district courts faithfully applying the binding precedent of their Circuit does not tell this Court much about the independent views of those jurists.

3

challenge against § 922(g)(1) to the district court for further development of the historical record. 70 F.4th 1018 (2023).[6]

The problem for Mr. Sherls' current motion, as the Government correctly notes, is that the Court has seen these cases before and has not been persuaded. In *United States v. Wade*, the Court considered whether *Range* and *Bullock* meant the holding of *Rice* should be reconsidered. No. 3:22-CR-3, 2023 WL 6037404 (N.D. Ind. Sept. 15, 2023). After thoroughly reviewing these cases, the answer was no. *Id.* at *2. Similarly, in *United States v. Keosackdy*, the Court considered whether *Atkinson* meant a reconsideration of *Rice* was necessary. No. 3:22-CR-78, 2023 WL 6805893, at *3 (N.D. Ind. Oct. 16, 2023). Once again, the answer was no. *Id.* The Court would also note several sister courts within this Circuit have reached similar conclusions and upheld § 922(g)(1) against *Bruen* challenges in light of *Atkinson* and the other precedent Mr. Sherls invokes. *See, e.g.*, *United States v. Johnson*, No. 22-CR-254, 2023 WL 7284848 (E.D. Wis. Nov. 3, 2023); *United States v. Jackson*, No. 20-CR-298, 2023 WL 7160921 (N.D. Ill. Oct. 31, 2023); *United States v. Hardy*, No. 23-CR-129, 2023 WL 6795591 (N.D. Ill. Oct. 13, 2023).[7]

The Court will not belabor the point by restating *Rice*, *Wade*, or *Keosackdy* in their entirety but it would emphasize a few points.

First, *Atkinson*'s directive to the district courts was that to assess a *Bruen* challenge, the district court must engage in a "proper, fulsome analysis of the historical tradition supporting

---

[6] The Court would recognize that in *United States v. Miles*, the Seventh Circuit noted that *Atkinson* did not reach the merits of § 922(g)(1)'s constitutionality and the Circuit has yet to decide the question. 2023 WL 7480029, *3 (7th Cir. Nov. 13, 2023). The Court also notes that *Miles*, in affirming a district court's decision to uphold § 922(g)(1) against a constitutional challenge under the plain-error standard of review, effectively concludes that *Bruen* itself does not incontrovertibly strike down § 922(g)(1). *Id.*

[7] As Mr. Sherls' supplemental briefing notes, there is also an outlier in this Circuit which struck down § 922(g)(1) against a facial challenge. *United States v. Prince*, No. 22-CR-240, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023). The sister court relied heavily on the reasoning of the Third Circuit in *Range* and thus its analysis is unpersuasive to the Court. *See, e.g.*, *id.* at *10.

4

§ 922(g)(1)" to determine whether "modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." 70 F.4th at 1021–22 (quoting *Bruen*, 142 S.Ct. at 2133). That is the exact task the Court performed in *Rice*, even though it predates the *Atkinson* decision. First, the Court's analysis was pursuing the proper question. *Rice*, 2023 WL 2560836, at *8 ("the key inquiry is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." (quoting *Bruen*, 142 S.Ct. at 2133)). Second, the Court considered the historical treatment of felons by society, including their exclusion from core activities associated with being a member of "the people" (i.e. the political community),[8] and the severity and nature of criminal punishments imposed on felons. *Id.* at *6–*10. The Court ultimately concluded in light of that historical record that § 922(g)(1) "imposes a similar or lesser burden on the Second Amendment right compared to historic regulations restricting the rights of felons, and the burden is comparably justified" and thus the Government had carried its burden at the second prong of the *Bruen* analysis. *Id.* at *10.

Second, the mere fact other Courts have examined a similar historical record and reached different conclusions does not by itself create a reason for this Court to revisit its prior decision. This is especially true when the analysis of those other courts is not heavily developed or particularly persuasive. To give one example, the Third Circuit was not persuaded by the historical tradition of imposing the death penalty on felons as support for disarmament. The Third Circuit briefly commented that: "The greater does not necessarily include the lesser;

---

[8] In *Rice* the Court considered this historical evidence at both steps of the *Bruen* analysis in line with the advice of then Circuit Judge Barrett, who noted in her *Kanter* dissent that whether a jurist uses history and tradition to examine the scope of the Second Amendment right, or whether to determine the scope of legislature's power to take it away "typically yield[s] the same result." *Rice*, 2023 WL 2560836, at *8 (quoting *Kanter v. Barr*, 913 F.3d 437, 452 (Barrett, J. dissenting)).

founding-era governments' execution of some individuals convicted of certain offenses does not mean the State, then or now, could constitutionally strip a felon of his right to possess arms if he was not executed." 69 F.4th at 105.

Respectfully, this Court does not see the reasoning behind, and thus cannot adopt, the position that it was constitutionally permissible to permanently extinguish a felon's life, and therefore all of her civil rights, but that it was simultaneously constitutionally impermissible to impose the lesser, included, punishment of lifetime disarmament. The Court is also concerned that the Third Circuit's apparent demand for historical examples using the "particular (and distinct) punishment at issue–lifetime disarmament" sounds like a demand for a "historical twin." *Id.* at 105; *see also Bruen*, 142 S.Ct. at 2133. This is deeply problematic as the *Bruen* Court expressly admonished lower courts from demanding such a showing by the Government. 142 S.Ct. at 2133; *see also Range*, 69 F.4th at 129 (Krause, J. dissenting) (raising the concern the majority had improperly forced the Government to provide a historical twin).

Third, while there are some procedural aspects of the *Bruen* analysis that *Atkinson* discusses but that *Rice* does not address, these do not affect the substantive soundness of *Rice*. For example, Mr. Sherls notes that the *Atkinson* court suggested the district court on remand consider five questions to help focus the analysis. 70 F.4th at 1023. The first is whether the challenged regulation was targeting a general societal problem that persisted since the 18th century or whether it was unprecedented at the time of the founding. *Id.* This relates to whether the Government needs to provide examples of a "distinctly similar" or "relevantly similar" historical regulation to satisfy their burden at the second prong of the *Bruen* analysis. *Id.* at 1020–21. In *Rice* the Court discussed this language in *Bruen*. The Court also noted its uncertainty about whether these were in fact distinct standards since both ultimately require

some reasoning by analogy, it is unclear what the substantive distinction between those putative standards is, and other courts were also unsure of these questions. *Rice*, 2023 WL at *3 n.4. The Court ultimately held that the Government's analogues would satisfy either standard, if they are in fact different standards.[9] *Id.*

So Mr. Sherls is correct on his technical point, that the Court in *Rice* did not explicitly hold whether felons possessing firearms was a problem that had persisted since the 18th century.[10] But in the end, the answer does affect the substantive analysis in *Rice* and therefore does not matter for this motion.[11]

Accordingly, the Court finds no basis for revisiting its Second Amendment analysis in *Rice* based on intervening case law and will reaffirm the holding of *Rice* in denying Mr. Sherls' facial and as-applied challenges to the constitutionality of § 922(g)(1).

### *(2) The Fifth Amendment Challenge*

Mr. Sherls' motion next moves to dismiss the indictment by arguing that § 922(g)(1) is unconstitutionally vague, in violation of the Fifth Amendment, both facially and as-applied to him.

---

[9] The Court remains unsure whether *Bruen* actually described different standards with this language and would note *Atkinson* does not actually address or resolve that question.

[10] The Government posits § 922(g)(1) addresses a persistent social problem of "untrustworthy adherents to the rule of law" having access to arms. (DE 27 at 19). At least one sister court within this Circuit agrees with that view, *see Johnson*, 2023 WL 7284848, * 6, and presumably Mr. Sherls would agree given it may require a more specific showing from the Government. This Court would simply note that, to the extent it matters, the answer might not be so straightforward. *See United States v. Jackson*, 69 F.4th 495, 504 (8th Cir. 2023) (describing § 922(g)(1) as being created to address "modern conditions" of "widespread traffic in firearms… in or otherwise affecting interstate or foreign commerce."). As neither party discusses the issue in depth and it is does not affect the merits of the motion, the Court will decline to definitively answer the question today.

[11] As mentioned above, *Atkinson* outline five proposed questions to guide the district court's inquiry. As Mr. Sherls only takes issue with how *Rice* anticipated and addressed the first question, the Court assumes he has no issue with how its analysis resolves the remaining four questions and will not discuss them further. The Court finds that its sister court, in *Johnson*, provided an excellent summary of the answers which support § 922(g)(1)'s constitutionality even if does not totally encapsulate this Court's discussion in *Rice* (such as the evidence of historic felon exclusion from exercising voting and jury service rights). *See Johnson*, 2023 WL 7284848, at *6.

The Fifth Amendment provides that "[n]o persons shall … be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The government violates this guarantee by depriving an individual of their life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Johnson v. United States*, 576 U.S. 591, 595 (2015) (internal citation omitted). A statute is unconstitutionally vague as applied to a particular defendant if it (1) does not provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited, or (2) fails to provide explicit standards to prevent arbitrary discriminatory enforcement by those enforcing the statute. *United States v. Nagelvoort*, 856 F.3d 1117, 1130 (7th Cir. 2017) (internal citation omitted). Such challenges are analyzed as as-applied challenges unless First Amendment interests are implicated. *United States v. Plummer*, 581 F.3d 484, 488 (7th Cir. 2009).

As an initial note, Mr. Sherls' argument is not truly a void for vagueness challenge. Mr. Sherls does not argue that the text of the statute is unclear or that he or any other firearm possessor would not know whether their conduct violated § 922(g)(1) based on the statutory text. (DE 25 at 23.) This is a wise concession as the statutory text is unambiguous. The text of 18 U.S.C. § 922(g)(1) reads as follows:

> **(g)** It shall be unlawful for any person--
> **(1)** who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; …
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

It is unambiguous what this statute prohibits, and a person of reasonable intelligence has ample opportunity to understand that if they are a felon then they are prohibited from possessing a firearm.

Instead of a Fifth Amendment argument, this is largely a repackaged *Bruen* argument. Mr. Sherls' theory is that merely from reading the statute he could not know "whether his non-violent and non-dangerous criminal history warranted his disarmament." (DE 25 at 23.) In other words, the statute is unconstitutionally vague until there is a binding judicial decision on whether he has individually lost his Second Amendment rights and is put on notice whether the statute applies to him and his type of prior felony offense. To quote a sister court's rejection of this argument, "[t]his misunderstands vagueness challenges." *United States v. Wilkins*, No. 5:22-CR-16, 2023 WL 6050571 (E.D. Ky. Sept. 15, 2023). Vagueness challenges focus on the statute regulating the person's conduct, and Mr. Sherls offers no legal authority to suggest that a Supreme Court decision alters the statutory analysis.

Moreover, baked into this argument is the grand assumption that the Court agrees with Mr. Sherls' understanding of the Second Amendment and that only certain types of felons (e.g., violent felons) may be disarmed in accord with the Amendment. As the Court previously explained, that is not what the law is. No further analysis is merited on this argument.

**C. Conclusion**

Accordingly, the motion to dismiss is DENIED. (DE 25.)

SO ORDERED.

ENTERED: November 27, 2023

                                                 /s/ JON E. DEGUILIO
                                                 Judge
                                                 United States District Court