UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DON CLARK SHERLS JR. | Case No. 2:22-CR-00013-GSL-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Amended Motion to Dismiss for Violation of Due Process [DE 41]. The Court has considered the arguments presented in the parties' briefs [*Id*], [DE 49], [DE 50], and at the hearing on October 1, 2024 [DE 53]. For the reasons set forth below, the Court DENIES Defendant's motion.

### A. Background

On February 22, 2022, Defendant Don Sherls was indicted on one charge of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). [DE 1]. As purported by the Government, Defendant is a convicted felon, "with prior felony convictions for Theft of a Motor Vehicle in 2003 . . . Possession of a Controlled Substance in 2012 . . . and Possession of Cocaine in 2014 . . . ." [DE 27, page 1].

On August 30, 2023, Defendant filed a Motion to Dismiss the indictment, arguing that § 922(g)(1) is unconstitutional under the Second Amendment, in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). [DE 25]. This Court, under the previous judge assigned, denied Defendant's motion. [DE 32]. In support of its order, the Court referenced its previous holding in *United States v. Rice*, 622 F.Supp.3d 935 (N.D. Ind. 2023), and the holdings of several other courts in this District, which all upheld the constitutionality of § 922(g)(1). [*Id.* at 2]. In summary, the Court reaffirmed its holding in *Rice*

and upheld the constitutionality of § 922(g)(1). [*Id.* at 7]. Specifically, the Court held that "§ 922(g)(1) 'imposes a similar or lesser burden on the Second Amendment right compared to historic regulations restricting the rights of felons, and the burden is comparably justified,'" so therefore, "the Government had carried its burden at the second prong of the *Bruen* analysis." [*Id.* at 5] (quoting *Rice*, at *10).

On June 11, 2024, Defendant filed the instant motion to dismiss. [DE 41]. In this motion, Defendant seeks "to dismiss the prosecution under the Fifth Amendment" because he claims the Government used racially tinged historical evidence, which is "rooted in racial animus violat[ing] basic notions of due process and equal protection." [*Id.* at 1]. Specifically, Defendant refers to certain colonial-era statutes that the Government offered in its response to the previous motion to dismiss. [*Id.* at 4–5] (citing DE 27, pages 12 n.1). As a remedy, Defendant asks that the Court "dismiss the prosecution against him under the Fifth Amendment or reset the matter for a motion to dismiss where the government is barred from offering" these certain colonial-era statutes.[1] [*Id.* at 19].

**B. Discussion**

In the instant motion, Defendant challenges certain colonial-era statutes raised by the Government in its response to the previous motion to dismiss. [*Id.*]. The Government referenced these colonial-era statutes as part of its argument that § 922(g)(1)—the statute at-issue—is constitutional. [DE 27, page 10–15]. The Government relied on these statutes, in part, to satisfy its burden under *Bruen* and demonstrate that § 922(g)(1) is "part of the historical tradition that

---

[1] At oral arguments for the instant motion, Defendant's counsel withdrew the latter proposed remedy, which would involve relitigating the motion. Instead, Defendant's counsel asserted that the Court should either dismiss the indictment, or the Court should strike the colonial-era statutes at issue and independently reevaluate the merits of the case under the *Bruen* framework.

delimits the outer bounds of the right to keep and bear arms." [*Id.* at 10] (quoting *Bruen*, 597 U.S. at 19). Defendant filed a reply brief to the Government's response to the previous motion. [DE 30]. However, in his reply brief, Defendant did not challenge the Government's references to these colonial-era statutes as violations to the Fifth Amendment. Instead, Defendant waited until the Court returned an unfavorable judgment on his motion to dismiss [DE 32] and the case was reassigned to a new judge [DE 36] before filing a new motion that raised these Fifth Amendment arguments [DE 41]. Defendant is now using these new arguments as another opportunity to litigate the case. *See RCBA Nutraceuticals, LLC v. ProAmpac Holdings, Inc.*, 108 F.4th 997, 1005 (7th Cir. 2024) (holding that arguments may not be raised for the first time in a motion for reconsideration and are deemed waived); *see also Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) (same).

The critical issue before the Court is whether Defendant should have raised his arguments against the Government's reference to colonial-era statutes at the time of the filing of his reply brief and while the matter was pending before the previous presiding judge. Defendant argues that "a reply brief is never the time to raise new grounds for relief" and that he "is not limited to presenting the issue in a reply." [DE 50, page 5]. This Court disagrees. The instant motion raises concerns about statutes referenced by the Government in its response to the previous motion to dismiss [DE 27]. "[T]he reply brief is an opportunity to reply" to those statutes referenced by the Government. *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 636 (7th Cir. 2020). Instead, Defendant waited over six months to file a new motion and to raise arguments about those statutes referenced by the Government. Defendant argues that this "independent remedy" warrants a separate motion, that remedy being dismissal of the indictment, or, alternatively, relitigating the previous motion. [DE 50, pages 5, 9]. However, while Defendant relies on a new

theory for dismissal, it effectively requests the same remedy as that requested in the prior motion. Defendant should have argued this new or alternative theory in the original briefing or at a minimum, addressed the use of the colonial-era statutes in his reply brief. These arguments do not warrant a separate motion, and to raise them now is untimely. *See RCBA*, 108 F.4th at 1005.

Further, in his reply to the Government's response to the previous motion to dismiss, Defendant argued that the Government failed to meet its burden to demonstrate that § 922(g)(1) had a historical analogue, as required by *Bruen*. [DE 27, page 11]. Specifically, Defendant referenced those colonial-era statutes and challenged the notion that Defendant would fall within the scope of or is sufficiently related to the historical "categories of people [disqualified] from possession firearms based on a judgment that these groups could not be trusted to adhere to the rule of law." [*Id.* at 11–12]. This illustrates that Defendant acknowledged the Government's reliance on the contested statutes in his reply, and, therefore, any constitutional challenge to the Government's case was ripe at that time and should have been raised then. *See United States v. Wright*, No. 2:22-cr-055, 2024 WL 3898556, at *2 (N.D. Ind. July 11, 2024) (holding that the defendant's "Fifth Amendment challenge to the indictment simply attempts to relitigate the same issues presented to Judge DeGulio (*i.e.*, the adequacy of the government's evidence of historical analogues to the federal felon-in-possession statute)").

Even if the Court did not find that Defendant's arguments were waived, the Court would not reconsider the previous judge's order because of the law of the case doctrine. This doctrine "establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit." *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 701 (7th Cir. 2024) (quoting *Avitia v. Metro. Club of Chi.*, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995)). Typically, courts will only depart from this doctrine under "unusual circumstances" such as 1) substantial

new evidence, 2) an intervening change in the law, or 3) a clearly erroneous previous decision. *Id.* at 701.

Here, no such circumstances exist that would persuade this Court to reconsider the previous judge's order. Moreover, Defendant fails to address any of the Government's arguments based on the law of the case doctrine, "which substantially supports [the] conclusion that [Defendant's] 'new' claims are really just a thinly veiled attempt to relitigate Judge DeGulio's prior denial of his motion to dismiss on *Bruen* grounds." *Wright*, 2024 WL 3898556, at *2 n.1; *see* [DE 50, page 4–5]. Instead, Defendant paradoxically argues that the new motion is not an attempt at "relitigating the same claims as litigated in the previous [motion]," but his requested remedy is "either dismissal or *relitigating of the issue*." [*Id.*]; [DE 41, page 3] (emphasis added). Therefore, the Court is not persuaded to consider the substance of Defendant's motion. *See Wright*, at *4 (N.D. Ind. July 11, 2024) ("[I]t strains credulity to suggest that there can be a due process or equal protection violation where the government is simply following the command of the Supreme Court to find historical analogues when defending present day firearm restrictions.").

At oral arguments, Defendant's counsel reframed the latter remedy as requesting the Court to independently reevaluate the merits of the original motion—as opposed to the parties relitigating the motion—without consideration of the colonial-era statutes at issue. But such a request still runs afoul of the law of the case doctrine. The prior judge's order on the prior motion incorporated and relied on the analysis from *United States v. Rice*. [DE 32, page 2 n.2]. In *Rice*, the court distinguished between the two types of historical laws provided by the Government to satisfy its burden on the second prong of *Bruen*: 1) historical laws that authorized capital punishment and estate forfeiture for persons convicted of felonies and 2) historical laws

that categorically disarmed certain groups of people considered to be untrustworthy—the same laws at issue here. *Rice*, 622 F.Supp.3d at 16. The Court did not rely on the latter set of laws, instead finding that "the first proposed set of historical regulations is suffiently analogous" to satisfy the second prong of *Bruen*. *Id.* So even though at oral arguments Defendant's counsel specifically asserted that the *Rice* opinion relied on the same colonial-era statutes at issue in this case, that is patently incorrect. Therefore, Defendant's request that the Court reconsider the merits of the original motion, after striking the colonial-era statutes at issue, is an improper request for the Court to reconsider the previous judge's ruling.

Further, even if the Court were to allow the parties to relitigate the issues presented in the previous motion to dismiss, or if the Court were to reevaluate the merits of the case without consideration to the colonial-era statutes at-issue, the outcome of the case is unlikely to change. In *United States v. Razo*, this Court held that "the plain text of the Second Amendment does not protect the right of felons to possess firearms." *Razo*, No. 2:23-CR-127, 2024 WL 3291762, *3 (N.D. Ind. July 3, 2024). *Razo* dealt with the same firearms-restriction statute as that at issue in this case—§922(g)(1). Therefore, applying the same reasoning in this case as it did in *Razo*, the Court would likely find an analysis under the second prong of *Bruen* to be unnecessary, rendering moot the consideration of Defendant's new arguments.

While the Court does not need to address the merits of Defendant's Due Process and Equal Protection claims, it wishes to clarify an issue raised at oral arguments. At the hearing, the Court specifically asked Defendant's counsel for an example of a case where a criminal defendant, who was not a member of a protected class, was treated differently. Defendant's counsel referenced *United States v. Posey*, 655 F. Supp. 3d 672 (N.D. Ind. 2023). Specifically, Defendant's counsel asserted that in *Posey*, the Government did not put forth the same colonial-

era statutes that are at-issue in this case to satisfy its burden under the second prong of *Bruen*. Upon review, however, the Court notes that the defendant in *Posey* is a member of a protected class. *See Posey*, 2:22-cr-00083, ECF No. 27, 9. Moreover, the Government also asserted the same colonial-era statutes in *Posey*, acknowledging that "some of these laws were motivated by racial animus . . . [but] they are nevertheless quintessential features of 'this Nation's historical tradition of firearm regulation.'" *Posey*, 2:22-cr-00083, ECF No. 22, 13. The defendant even challenged the Government's use of "racially biased laws" in her reply brief and requested that the court "not consider any history proffered by the Government motivated by restricting a person's right to possess a firearm under the Second Amendment based on race." *Posey*, 2:22-cr-00083, ECF No. 27, 9. The court did not specifically address the defendant's arguments but noted that it did not need to rely on such evidence to reach its conclusion. *Posey*, 655 F. Supp. 3d at 774 n.6. The Court is perplexed as to the different litigation strategies—specifically, why the defendant in *Posey* was able to raise her arguments in a reply brief but this Defendant argues that he was unable to do so in the instant case with the same arguments.

## CONCLUSION

For the reasons explained in this Opinion and Order, Defendant's Second Amended Motion to Dismiss for Violation of Due Process [DE 41] is DENIED.


SO ORDERED.

ENTERED: October 30, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court